IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**QWEST CORPORATION,**

        **Plaintiff,**

vs.                                                                         **CIV 10-0617 RB/RLP**

**CITY OF SANTA FE, a New Mexico**
**Municipal corporation,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to File Amended Complaint and to Dismiss Count III Without Prejudice, (Doc. 63), filed on April 19, 2011. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the considered the Motion, Defendant's Response, (Doc. 66), and Plaintiff's Reply, (Doc.76), the record, arguments of counsel, relevant law, and being otherwise fully advised, the Court finds that this Motion should be granted.

**I.      Background.**

Plaintiff filed this case on June 28, 2010, contending that Santa Fe City Ordinance 2010-14 (2010 Ordinance), which governs use of public rights-of-way by telecommunications carriers, is unlawful under Section 253 of the Telecommunications Act of 1996, codified at 47 U.S.C. § 253, the United States Constitution, and New Mexico law.

The 2010 Ordinance increased fees and imposed additional requirements on telecommunications carriers over the prior franchise agreement, which was adopted in 1975. Under the 1975 Franchise Agreement, Defendant charged a 2% franchise fee on revenues from local exchange services and a fee of approximately $100 per installation permit. The 2010

Ordinance increased the franchise fee to 3% of "gross revenue" and the permit fee to $2,500 for each permit location. Additionally, the 2010 Ordinance imposed additional non-fee requirements.

In its original Complaint, Plaintiff seeks: (1) a declaration that the 2010 Ordinance is preempted by Section 253 because the fee increases have the effect of prohibiting Plaintiff from providing telecommunications services (Count I); (2) a declaration that the 2010 Ordinance deprived Plaintiff of its rights under the Dormant Commerce Clause of the United States Constitution and attorney fees and costs (Count II); and (3) a declaration that Defendant exceeded its authority under state law by enacting the 2010 Ordinance (Count III). More specifically, in Count III, Plaintiff asserts that N.M. Stat. Ann. § 3-42-1 prohibits Defendant from assessing franchise fees as a revenue-generating mechanism, the fees are taxes, and a municipality may assess such a tax only upon a majority vote of the electorate, as provided by N.M. Stat. Ann. § 3-15-7. Plaintiff seeks declaratory relief, as well as attorney fees and costs under 42 U.S.C. § 1988.

On July 8, 2010, Plaintiff filed a Motion for Preliminary Injunction and Brief in Support, asking the Court to preliminarily enjoin enforcement of the 2010 Ordinance. The Court held hearing on the Motion for Preliminary Injunction on September 30, 2010, and October 21, 2010. During the October 21, 2010 hearing, Defendant presented the testimony of Kelley A. Brennan, Assistant City Attorney, describing revisions Defendant intended to make to the 2010 Ordinance that would render moot several of the issues raised by the Motion for Preliminary Injunction.

At the conclusion of the October 21, 2010 hearing, the Court reserved ruling on the Motion for Preliminary Injunction and referred the matter for a settlement conference before the

Honorable Richard L. Puglisi. Following a settlement conference with Judge Puglisi, on December 8, 2010, Defendant enacted Ordinance 2010-33 (Amended 2010 Ordinance). The Amended 2010 Ordinance revised certain of the challenged provisions within Ordinance No. 2010-14. On December 2, 2010, Defendant filed a First Amended Answer and Counterclaim alleging money owed for franchise payments allegedly past due. On December 29, 2010, Plaintiff answered the counterclaim and asserted a counterclaim-in-reply for alleged franchise overpayments. On January 19, 2011, the Court approved the parties' Agreed Order Withdrawing Motion for Preliminary Injunction Based on Subsequent Amendment to Challenged Ordinance.

**II.    Summary of Arguments.**

In the instant motion, Plaintiff seeks to amend its Complaint to incorporate the changes enacted by the Amended 2010 Ordinance and to dismiss Count III without prejudice. Plaintiff wants to avoid the possibility that a declaratory judgment in this case might be vacated under the Tax Injunction Act, 28 U.S.C. § 1341(a) ("TIA"). Plaintiff intends to pursue relief in state court on the claim advanced in Count III and has offered to consolidate discovery in the state court with the discovery in this case.

Defendant has no objection to amendment of the Complaint to reflect the changes enacted by the Amended 2010 Ordinance. (Doc. 66 at 8). However, Defendant opposes the dismissal of Count III without prejudice on the grounds that: (1) the Court has subject matter jurisdiction over the question of whether Defendant's Ordinance imposes a regulatory fee or tax under federal law; and (2) the Court may exercise jurisdiction over Count III.

**III.    Discussion.**

In that Defendant has no objection to amendment of the Complaint to reflect the changes

enacted by the Amended 2010 Ordinance, the request to amend the Complaint is granted. The opposed question is whether Plaintiff should be allowed to voluntarily dismiss Count III without prejudice. This question is governed by Federal Rule of Civil Procedure 41(a)(2), which provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper." Fed.R.Civ.P. 42(a)(2).

"The rule is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' " *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation omitted). Unless a defendant can show "legal" prejudice from granting a plaintiff's request for voluntary dismissal, such requests should ordinarily be granted. *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997). Prejudice does not arise simply because a second action has been or may be filed against the defendant, *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991), which is often the whole point in dismissing a case without prejudice. *Brown v. Baeke,* 413 F.3d 1121, 1124 (10th Cir. 2005).

The Tenth Circuit has identified four non-exclusive factors that should be considered when considering a request for voluntary dismissal. *County of Santa Fe v. Publ. Serv. Co. of NM,* 311 F.3d 1031, 1048 (10th Cir. 2002). These factors are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation. *Id.*

All four factors weigh in favor of Plaintiff. Only a limited amount of paper discovery has taken place in this case. Indeed, Plaintiff has agreed to coordinate the discovery with the state

case so that it is not replicated. It bears underscoring that trial is set for September 24, 2012. At the present stage of the litigation, Defendant has expended only a limited amount of effort and expense in preparing for trial. There is no indication of excessive delay or lack of diligence on the part of Plaintiff. It is material that Plaintiff requested the voluntary dismissal of Count III after it realized the import of the TIA issue, specifically that Count III may be barred from consideration by this Court by the TIA. Allowing dismissal without prejudice of Count III would avoid the potential TIA issue and conserve judicial resources. Undoubtedly, Plaintiff has adequately explained the need for the voluntary dismissal without prejudice.

Defendant relies in part on a flawed assumption that this case was removed. For instance, it states: "The requested dismissal of Count III without prejudice is sought in order to circumvent this Court's existing exercise of its jurisdiction outside a properly filed motion to remand." (Doc. 66 at 2). But this case was not brought in state court initially, so it was not removed and therefore not subject to a motion to remand. Defendant also states that: "Just as in cases of removal, federal jurisdiction 'exists irrespective of whether the federal claim appears on the face of the complaint.[']" (Doc. 66 at 5). This statement is irrelevant to the issue at hand, because the issue is not the existence of federal question jurisdiction, but rather whether Count III should be dismissed without prejudice.

The only arguably relevant argument advanced by Defendant is that it would be prejudiced by being forced to defend two related issues in two different courts. This argument has been discounted by the Tenth Circuit. *See Am. Nat'l Bank & Trust Co.,* 931 F.2d at 1412 ("The possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is

involved."). Notably, nothing precludes a plaintiff from bringing different issues in federal and state court even when they relate to the same set of circumstances. In applying Rule 41(a)(2), the Court must insure that "substantial justice is accorded to both parties," and this requires the district court to consider the "equities not only facing the defendant, but also those facing the plaintiff." *Brown,* 413 F.3d at 1124. Consideration of the equities facing both parties as well as four non-exclusive factors identified as relevant by the Tenth Circuit leads to the conclusion that Plaintiff's request to voluntarily dismiss Count III without prejudice should be granted.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint and to Dismiss Count III Without Prejudice, (Doc. 63), is **GRANTED**.

**IT IS FURTHER ORDERED** that Count III is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Amended Complaint shall be filed on or before September 26, 2011.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**