IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QWEST CORPORATION,

        Plaintiff,

vs.                                              CIV 10-0617 RB/KBM

CITY OF SANTA FE, a New Mexico
Municipal corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion and Memorandum Brief to Amend the Court's September 21, 2011 Memorandum Opinion and Order, (Doc. 99), filed on October 5, 2011. Plaintiff filed a response in opposition to this motion on October 24, 2011. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the considered the submissions of counsel, the record, relevant law, and being otherwise fully advised, the Court finds that this motion should be denied.

**I.    Background.**

Plaintiff filed this case on June 28, 2010, contending that Santa Fe City Ordinance 2010-14 (2010 Ordinance), which governs use of public rights-of-way by telecommunications carriers, is unlawful under Section 253 of the Telecommunications Act of 1996, codified at 47 U.S.C. § 253, the United States Constitution, and New Mexico law. In its original Complaint, Plaintiff sought the following: (1) a declaration that the 2010 Ordinance is preempted by Section 253 because the fee increases have the effect of prohibiting Plaintiff from providing telecommunications services (Count I); (2) a declaration that the 2010 Ordinance deprived Plaintiff of its rights under the Dormant Commerce Clause of the United States Constitution as

enforced through 42 U.S.C.§ 1983 and attorney fees and costs under 42 U.S.C.§ 1988 (Count II); and (3) a declaration that Defendant exceeded its authority under state law by enacting the 2010 Ordinance (Count III).  More specifically, in Count III, Plaintiff asserted that N.M. Stat. Ann. § 3-42-1 prohibits Defendant from assessing franchise fees as a revenue-generating mechanism, the fees are taxes, and a municipality may assess such a tax only upon a majority vote of the electorate, as provided by N.M. Stat. Ann. § 3-15-7.

On December 8, 2010, Defendant enacted Ordinance 2010-33 (Amended 2010 Ordinance).  The Amended 2010 Ordinance revised certain of the challenged provisions within Ordinance No. 2010-14.  On December 2, 2010, Defendant filed a First Amended Answer and Counterclaim alleging money owed for franchise payments allegedly past due.  On December 29, 2010, Plaintiff answered the counterclaim and asserted a counterclaim-in-reply for alleged franchise overpayments. On January 19, 2011, Defendant answered the counterclaim-in-reply.

On April 19, 2011, Plaintiff filed a Motion for Leave to File Amended Complaint and to Dismiss Count III Without Prejudice to incorporate the changes enacted by the Amended 2010 Ordinance and to dismiss Count III without prejudice.  (Doc. 63).  With regard to the request to dismiss Count III without prejudice, Plaintiff explained that it wanted to avoid the possibility that a declaratory judgment in this case might be vacated under the Tax Injunction Act, 28 U.S.C. § 1341(a) ("TIA").  (*Id.*)  Plaintiff intended to pursue relief on the claim advanced in Count III in state court and offered to consolidate discovery in the state case with the discovery in this case.  (*Id.*)

Defendant opposed the dismissal of Count III without prejudice on the grounds that the Court has subject matter jurisdiction over the question of whether Defendant's Amended 2010

Ordinance imposes a regulatory fee or tax under federal law, and the Court may exercise jurisdiction over Count III. (Doc. 66). Defendant did not oppose amendment of the complaint to reflect the changes in the Amended 2010 Ordinance. (*Id.*)

On September 21, 2011, the Court granted the motion to amend and dismissed Count III without prejudice. (Doc. 94). In its ruling on Plaintiff's Motion for Leave to File Amended Complaint and to Dismiss Count III Without Prejudice, the Court concluded that Defendant was not prejudiced by the granting of Plaintiff's Motion. Defendant contends that the Court should reconsider its ruling because (1) the Court relied on Plaintiff's alleged misrepresentation that it requested the voluntary dismissal of Count III after it realized the import of the TIA issue; (2) Plaintiff misrepresented that its Motion for Leave to File Amended Complaint and to Dismiss Count III Without Prejudice was filed concurrent with the state court complaint; and (3) the parties have engaged in extensive discovery in this case. (Doc. 99). Additionally, Defendant asks the Court to specify that the street cut permit fee and the application fee for Planning Commission approval are not connected, the Amended 2010 Ordinance increased the street cut permit fee from $100 to $200, and the 1975 Franchise Agreement required Plaintiff to pay "two percent (2%) per annum of the Company's gross receipts. 'Gross receipts' shall include all revenues received from local exchange services." (*Id.*)

Plaintiff opposes reconsideration of the ruling as well as the request to correct the record with respect to the 1975 Franchise Agreement requirement on the ground that the Court was correct. (Doc. 108). Plaintiff does not oppose the request to correct the record with respect to the increase in the street cut permit fee. (*Id.*)

**II.     Standard.**

A motion for reconsideration filed prior to final judgment is "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A motion for reconsideration is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

**III.    Discussion.**

Defendant contends that the prior ruling was erroneous because the Court relied on Plaintiff's representation regarding the timing of its realization that the TIA presented a potential jurisdictional problem as to Count III. In the prior ruling, the Court stated: "It is material that Plaintiff requested the voluntary dismissal of Count III after it realized the import of the TIA issue, specifically that Count III may be barred from consideration by this Court by the TIA." (Doc. 94 at 5). This statement was based on Plaintiff's representation in its motion to amend that: "Since filing this lawsuit, however, Qwest became aware of a case in which a carrier successfully advocated that a federal court declare a franchise fee to be an unauthorized tax, only to have the court vacate judgment in the carrier's favor based on the city's motion for reconsideration alleging lack of subject matter jurisdiction under the TIA." (Doc. 63).

Defendant assumes that Plaintiff misrepresented the timing of its awareness of the TIA based on its citation to *City of Chattanooga v. BellSouth, Telecomms., Inc.*, 1 F.Supp.2d 809 (E.D. Tenn. 1998), a case discussing the import of the TIA issue, in an earlier, unrelated lawsuit. Specifically, Defendant declares: "Plaintiff knew of *Chattanooga* prior to filing its complaint in this case, and [sic] as early as 2006, because it was the plaintiff in *Qwest Corp. v. City of Surprise*, 434 F.3d 1176 (9th Cir. 2006) ("*Qwest-Surprise*"), a case which involved the TIA issue and in which the Ninth Circuit cited *Chattanooga*." (Doc. 99).

This argument is unpersuasive for at least two reasons. First, Defendant did not raise Plaintiff's alleged misrepresentation in its Response to Plaintiff's motion to amend. (Doc. 66). Thus, at the time the Court issued the prior ruling, the statement was uncontested. The law "does not require district courts . . . to read the minds of litigants." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2010). In that the statement was uncontested, the Court properly relied on the representations of Plaintiff's counsel at the time it granted Plaintiff's motion to amend. Second, the timing of Plaintiff's realization of the import of the TIA issue was immaterial to the prior ruling; what was material to the prior ruling was the potential absence of jurisdiction over Count III. As the jurisdictional issue was the material consideration, rather than the timing of Plaintiff's realization of that issue, this argument does not persuade the Court to modify its prior order.

As its second ground in support of its request for reconsideration, Defendant relies on an alleged misrepresentation in Plaintiff's reply brief. Specifically, Plaintiff stated in its reply brief that it filed the motion to amend "concurrent with filing a complaint in the New Mexico state court . . ." (Doc. 76 at 3). In fact, Plaintiff filed the state court complaint on April 1, 2011,

5

which was eighteen days before Plaintiff filed the motion to amend.  Defendant did not raise this point in its opposition to the motion to amend.  (Doc. 66).  This is not surprising given that Plaintiff had, in an earlier pleading, given the precise date of the state court complaint.  (Doc. 63 at 4).  The Court views the eighteen-day discrepancy as imprecision rather than misrepresentation and finds no prejudice to Defendant under these circumstances.  Plaintiff's imprecise statement in its reply does not provide a basis for the Court to reconsider its prior ruling as to Count III.

Finally, Defendant claims that the prior ruling was erroneous because the Court stated that only a limited amount of paper discovery had taken place and Defendant had expended only a limited amount of effort and expense in preparing for trial.  (Doc. 94).  This characterization was reasonable because Defendant did not raise this point in its response to the motion to amend.  (Doc. 66).  Defendant now states in its request for reconsideration that "the parties have engaged in a significant amount of discovery, and the City has expended enormous effort preparing for trial in this case.  As of the date of the Order, Plaintiff had produced approximately 7,000 documents in response to the City's two rounds of discovery, and the City had produced almost 50,000 documents."  (Doc. 99).  Undoubtedly, much of this discovery will be relevant to the state case.  Notably, Plaintiff has agreed to coordinate the discovery with the state case.  (Docs. 63 and 108).  Trial in this matter is set for September 24, 2012, which is almost a year after the prior ruling.  In that trial is not imminent and discovery will be coordinated, the ruling would have been the same even if Defendant had raised this point in response to the motion to amend.

In sum, Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. 15(a).  A motion to amend under Rule 15

should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In that Defendant has not shown undue prejudice, delay, bad faith, or a dilatory motive, Plaintiff's Motion for Leave to File Amended Complaint and to Dismiss Count III Without Prejudice was properly granted.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion and Memorandum Brief to Amend the Court's September 21, 2011 Memorandum Opinion and Order, (Doc. 99), filed on October 5, 2011, is **DENIED**.

**IT IS FURTHER ORDERED** that the record is clarified to reflect that Defendant's street cut permit fee and application fee for Planning Commission approval are not connected, the Amended 2010 Ordinance increased the street cut permit fee from $100 to $200, and the 1975 Franchise Agreement required Plaintiff to pay "two percent (2%) per annum of the Company's gross receipts. 'Gross receipts' shall include all revenues received from local exchange services."

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**