IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**QWEST CORPORATION,**

      **Plaintiff,**

vs.                                                                                                                 CIV 10-0617 RB/KBM

**CITY OF SANTA FE, a New Mexico
Municipal corporation,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Leave to Amend its Counterclaims, (Doc. 100), filed on October 5, 2011. Plaintiff filed a response in opposition to this motion on October 24, 2011. (Doc. 109). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the considered the submissions of counsel, the record, relevant law, and being otherwise fully advised, the Court denies this Motion.

**I.**  **Background.**

Plaintiff (Qwest) filed this case on June 28, 2010, contending that Santa Fe City Ordinance 2010-14 (2010 Ordinance), which governs use of public rights-of-way by telecommunications carriers, is unlawful under Section 253 of the Telecommunications Act of 1996, codified at 47 U.S.C. § 253, the United States Constitution, and New Mexico law. In its original Complaint, Plaintiff sought the following: (1) a declaration that the 2010 Ordinance is preempted by Section 253 because the fee increases have the effect of prohibiting Plaintiff from providing telecommunications services (Count I); (2) a declaration that the 2010 Ordinance deprived Plaintiff of its rights under the Dormant Commerce Clause of the United States Constitution as enforced through 42 U.S.C.§ 1983 and attorney fees and costs under 42 U.S.C.§ 1988 (Count II);

and (3) a declaration that Defendant exceeded its authority under state law by enacting the 2010 Ordinance (Count III).

On December 8, 2010, Defendant enacted Ordinance 2010-33 (Amended 2010 Ordinance). The Amended 2010 Ordinance revised certain of the challenged provisions within Ordinance No. 2010-14.  On December 2, 2010, Defendant filed a First Amended Answer and Counterclaim alleging money owed for franchise payments allegedly past due.  On December 29, 2010, Plaintiff answered the counterclaim and asserted a counterclaim-in-reply for alleged franchise overpayments.  On January 19, 2011, Defendant answered the counterclaim-in-reply.

On April 19, 2011, Plaintiff filed a Motion for Leave to File Amended Complaint and to Dismiss Count III Without Prejudice to incorporate the changes enacted by the Amended 2010 Ordinance and to dismiss Count III without prejudice.  (Doc. 63).  With regard to the request to dismiss Count III without prejudice, Plaintiff explained that it wanted to avoid the possibility that a declaratory judgment in this case might be vacated under the Tax Injunction Act, 28 U.S.C. § 1341(a) ("TIA").  (*Id.*)  Plaintiff filed a lawsuit in state court on the state-law claim advanced in Count III.  (*Id.*)

On September 21, 2011, the Court granted the motion to amend and dismissed Count III without prejudice.  (Doc. 94).  The Amended Complaint was filed on the same day.  (Doc. 95). Two weeks later, on October 5, 2011, Defendant filed the instant motion seeking to amend its Counterclaims to include a claim for a declaratory judgment as to whether the City's franchise fees are a regulatory fee or a tax under the TCA and the TIA.  (Doc. 101-1 at 11).  According to Defendant, the resolution of this issue with respect to the TIA could affect jurisdiction.

**II.    Standard.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the

pleadings after the time for amending as a matter of course "only by leave of court or by written consent of the adverse party," but that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has stated that "[i]n the absence of any apparent or declared reason - such as . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). The purpose of Rule 15(a) is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted).

### III.     Discussion.

Defendant contends that the Court should exercise jurisdiction under the Declaratory Judgment Act, 28. U.S.C. § 2201(a), and determine whether the franchise fees are fees or taxes. Plaintiff responds that the motion to amend is untimely, the proposed amendment is futile because it does not present an actual case or controversy, and the Court should decline to exercise jurisdiction under the Declaratory Judgment Act.

In support of its contentions that the amendment would be untimely, Plaintiff points out that the scheduling order set the deadline for motions to amend the pleadings at May 15, 2011. (Doc. 62). Federal Rule of Civil Procedure 16 allows such amendments to scheduling orders for "good cause." *See* Fed. R. Civ. P. 16(b)(4). While it is true that the deadline has passed, Defendant has demonstrated good cause for the post-deadline amendment of the counterclaims. Notably, a substantially similar claim in the form of Count III was pending in this matter until September 21, 2011, when the Court granted Plaintiff's motion to amend its Complaint and dismissed Count III without prejudice. (Doc. 94). Defendant filed its motion to amend its

3

counterclaim only two weeks after the dismissal of Count III. The fact that a similar state-law claim was pending in this Court provides a reasonable explanation for the delay. The amendment is important as it might affect federal jurisdiction. In that discovery terminates on December 21, 2011, and trial is set for September 24, 2012, the delay is inconsequential. Under these circumstances, Defendant's motion to amend should not be denied as untimely.

Plaintiff asserts that the proposed counterclaim is futile because it does not present an actual case or controversy as required by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a) (stating "[i]n a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). The Tenth Circuit has observed that the "Supreme Court has repeatedly equated [this prerequisite] to the Constitution's case-or-controversy requirement." *See Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). While there is no precise formula to determine whether the case-or-controversy requirement has been satisfied, "[t]he question comes down to 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (*quoting MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

In the proposed counterclaim, Defendant seeks a declaratory judgment that its franchise fees are a regulatory fee under federal law and states there is a real and actual controversy between Defendant and Plaintiff regarding whether the franchise fees are a regulatory fee or a tax. (Doc. 101-1 ¶¶ 62-63). Defendant does not allege that the franchise fees are a tax. In that no

party asserts that the franchise fees are a tax in this matter, the proposed counterclaim does not present an actual case or controversy.

Finally, Plaintiff asks this Court to decline to exercise jurisdiction over the proposed counterclaim.  The Declaratory Judgment Act entitles the district court to consider a number of case-specific factors in deciding whether or not to exercise its statutory declaratory judgment authority. *Surefoot*. 531 F.3d at 1240 (*citing State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994) (White, J.) (stating that "the district court is not obliged to entertain every justiciable claim brought before it" and setting out the factors that a district court should consider)).  Overall, this discretion is channeled by two important considerations: "Will a declaration of rights, under the circumstances, serve to clarify or settle legal relations in issue? Will it terminate or afford relief from the uncertainty giving rise to the proceeding?" *Mhoon*, 31 F.3d at 983.  The proposed counterclaim could influence the state court's consideration of the question raised in the state court action and could potentially lead to inconsistent results.  For these reasons, a declaration of rights would neither serve to clarify the matter nor afford relief from uncertainty.  On the contrary, inconsistent results would foster uncertainty.  Accordingly, the Court declines to exercise jurisdiction over the proposed counterclaim.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Leave to Amend its Counterclaims, (Doc. 100), filed on October 5, 2011, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**