IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QWEST CORPORATION,

    Plaintiff/Counter-Defendant,

v.                                                                          CIV 10-0617 RB/KBM

CITY OF SANTA FE, a New Mexico
Municipal corporation,

    Defendant/Counter-Plaintiff.

# MEMORANDUM OPINION AND ORDER ON REMAINING ISSUE

    THIS MATTER comes before the Court on the matter raised in the City of Santa Fe's Reply in Support of its Second Motion to Compel and for Sanctions *(Doc. 178)*. The Court has reviewed the parties' submissions, including Qwest's Surreply in Opposition to Defendant's Second Motion to Compel *(Doc. 197-1)* and the City of Santa Fe's Response in Opposition to Plaintiff's Surreply *(Doc. 211)*, as well as the relevant law and determined that oral argument is unnecessary for its ruling as to the City's Request for Production No. 3-1 ("RFP3-1").

    RFP 3-1 asks Qwest to "[p]roduce complete copies of all documents identified, reviewed, considered, or otherwise relied upon in Qwest's response to" each of the City's accompanying interrogatories. *See Doc. 197-1* at 1. Qwest responded as follows:

> Qwest is producing copies of all documents identified above, which include the universe of documents relied upon by Qwest in responding to these interrogatories. Qwest objects to producing all other documents "reviewed" or "considered" as such documents inevitably involve the mental impressions of counsel and are protected from disclosure.

*Id.* at 1-2. In its Second Motion to Compel, the City argued the response was "evasive and

inadequate" and that for responsive documents not produced, Qwest was required to "provide a corresponding privilege log, if appropriate." *Doc. 161* at 17-18.[1] The City argued that it had "issued the same request to Plaintiff in its first set of discovery requests, to which Plaintiff did not object. For Plaintiff to now claim an identical request is objectionable is improper." *Id.* at 18.

After the City filed its Second Motion to Compel,[2] Qwest "produc[ed] an ***updated privilege log*** reflecting some documents concerning the January 2005 letter that were privileged and were reviewed in connection with the responses." *Doc. 169* at 27 (emphasis added). Qwest noted that "its only objection was to producing or logging communications between witness and counsel as the responses were prepared." *Id.*

For the first time, the City complained in its Reply Brief that Qwest had waived any privilege by providing an ***incomplete*** privilege log and contended that Qwest "now must produce the relevant documents over its objection." *See Doc. 178* at 22 (emphasis added). The City argued that "Plaintiff's privilege log is required to contain a detailed description of the documents in dispute and the specific and precise reasons for Plaintiff's claim of protection from disclosure," and

---

[1]   When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
(i)  expressly make the claim; and
(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5)(A).

[2] Qwest disputes that the updated privilege log was untimely. *See Doc. 203* at 2 ("The updated privilege log therefore was not "late," as the City alleges [Doc. 178, p. 3], but was produced one month after the City narrowed its [Request No. 3-17 in response to objections].").

asserted that the updated privilege log lacks sufficient detail. *Doc 178* at 24. The City also rejected Qwest's position that the City's own privilege log failed to meet the requirements it sought to impose on Qwest. *See Doc. 211* at 9.

The City correctly points out that case law from this district holds that "a failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege." *Id.* (quoting *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 651 (D.N.M. 2007)); *see also Tom v. S.B., Inc.*, ___ F.R.D. ___, 2012 WL 541699 at *10 (D.N.M. Feb. 10, 2012). Courts in this district, however, have not always found waiver where a privilege log was not timely prepared. *See, e.g., Sanchez v. Matta*, 229 F.R.D. 649, 661 (D.N.M. 2004) ("Although the Defendants may not have produced the privilege log as early as they could have, the Court does not believe that is a reason to deny the application of the privilege."). As the Honorable James O. Browning of this District has recognized, "'minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding a waiver.'" *Clayton v. Vanguard Car Rental U.S.A., Inc.*, Case No. CIV 03-0188 JB/ACT, 2009 WL 5851088 at *3 (D.N.M. Dec. 16, 2009) (also noting that "the absence of evidence that the violating party ever produced a privilege log may justify a waiver of the privilege").

The Surreply and the City's responsive brief, as well as the submitted exhibits, provide a much more complete picture for determination of the issue at hand. It is undisputed that

> Qwest produced a privilege log for 100 of the 107 documents at issue on August 4, 2011, which was more than six months before the City filed its Second Motion to Compel on February 8, 2012 [Doc. 161]. The City did not include the sufficiency of the log as an issue in its Second Motion to Compel, yet the City is now requesting an order requiring production of *all 107 documents* based on alleged waiver. [Doc. 178, pp. 22-25].

*Doc. 203* at 2. I find that having given identical descriptions in the previous privilege log with no objection by the City, Qwest could reasonably rely on the City's six-month silence as (1)

conceding the log's sufficiency as to those one hundred documents, and (2) inferring that identification of the additional seven documents in that same manner would constitute sufficient descriptions.

    I therefore find that the City's opportunity to object to the previously-identified one hundred responsive documents described in the original privilege log has long passed. As to the adequacy of the identification and descriptions of the seven newly identified documents, counsel shall confer as to the City's perceived deficiencies and Qwest given a second chance to provide such information.

    **IT IS SO ORDERED**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE