IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QWEST CORPORATION,

    Plaintiff/Counter-Defendant,

v.                                        CIV 10-0617 RB/KBM

CITY OF SANTA FE, a New Mexico
Municipal corporation,

    Defendant/Counter-Plaintiff.

## **ORDER ON DEFENDANT'S FEES APPLICATION**

THIS MATTER comes before the Court on Defendant's Application for Award of Attorneys' Fees and Expenses *(Doc. 167)*. Having reviewed the parties' submissions and the relevant law, I find Defendant's Application is well-taken in part.

I have previously noted the complicated and contentious nature of discovery in this case. *See Doc. 191*. What seem like relatively simple discovery requests for information that one might assume the parties would have readily available, have instead been met with objections. The parties' efforts at negotiation has proven unsuccessful, and the Court has been required to resolve multiple disputes. Indeed, I have held multiple discovery conferences in this case, each necessitated by a discovery dispute the parties have proven unable to resolve on their own. *See, e.g., Docs. 82, 104, 110, 112, 133, 196.*

With respect to *Defendant's Motion to Compel and for Sanctions (Doc. 142)*, the Court was required to resolve the same issues multiple times. This is unacceptable, and I therefore

awarded sanctions in the form of attorney's fees and expenses to be paid in favor of the City. *See Doc. 164*.

"[D]iscovery-related sanctions are generally permissible to protect the integrity of the judicial process." *Freddie v. Marten Transp., Ltd.*, 428 Fed. App'x. 801, 803 (10th Cir. 2011). Rule 37 empowers the Court to award reasonable expenses to the party who filed a motion to compel when the motion is granted "or if the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A). If the Court finds that the opposing party's nondisclosure, response or objection was substantially justified, however, the Court "must not order this payment." *Id.* Where, as here, the motion is granted in part and denied in part, "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

"Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Plaintiff Qwest argues that the City should not receive its full costs and fees in conjunction with the underlying Motion to Compel because the City prevailed on just two of the three issues raised. *See Doc. 174*. The three issues raised by the City in its Motion to Compel were: (1) Interrogatory No. 3 and Request for Production Nos. 1 and 15 concerning so-called wholesale customers; (2) Interrogatory Nos. 4, 2-1, 2-3, 2-4, and 2-5 concerning data underlying Qwest's past calculations of the franchise fee owed to the City; and (3) Interrogatory No. 2-12 concerning data underlying the opinions of Qwest's expert, Dr. Fitzsimmons. *See generally*

*Doc. 164.* The City prevailed on Issues 1 and 3. *See id.* at 7-8.

With respect to Issue 2, Qwest's represented that it had already produced all of the responsive information in its possession, custody or control. *See Doc. 164* at 4-5. To the extent that it is later revealed that Qwest withheld responsive information, I noted that I would consider sanctions. *See Doc. 164* at 5.

I have reviewed the City's description of services and associated attorney's fees, and I find that the fees are not easily apportioned by subject matter. Likewise, the City's expert's time records cannot be divided by issue. Lacking any means of subtracting fees incurred with respect to the second issue, I find that the most appropriate means of apportioning reasonable fees and expenses for the Motion is to divide the expert and fee portions of the sanction into thirds. Because the City prevailed on two of the three issues briefed, I will award the City two-thirds of its attorney's fees and expert charges, but all of its expenses.

Wherefore,

**IT IS ORDERED** that Defendant's Application for Award of Attorney's Fees and Expenses *(Doc. 167)* is **granted in part.** Fees are hereby assessed against Qwest and in favor of the City in the amount of $28,311.34, calculated as follows:

1. Two-thirds of attorney's fees that total $27,909.67, or $18,606.45;
2. Two-thirds of expert Dr. Ileo's fees that total $5,250.00, or $3,500.00;
3. Two-thirds of expert Dr. Ashpaugh's fees that total $5,250.00, or $3,510.67;
4. Expenses (i.e., conference calls) in the amount of $551.65; and
5. New Mexico Gross Receipts Tax in the amount of 8.1875%, or $2,142.57.

In all other respects, the application is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE