IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QWEST CORPORATION,

    Plaintiff/Counter-Defendant,

v.                                                                                       CIV 10-0617 RB/KBM

CITY OF SANTA FE,

    Defendant/Counter-Plaintiff.

**ORDER DENYING CITY'S MOTION TO STRIKE *(DOC. 206)***

    THIS MATTER comes before the Court on Defendant/Counter-Plaintiff the City of Santa Fe's Motion to Strike the Fourth Supplemental Report of William Fitzsimmons *(Doc. 206)*, filed May 9, 2012 and fully briefed on June 6, 2012.  Having reviewed the parties' submissions and the relevant authorities, I find that the City's Motion is not well-taken and should be denied.

**I.**    **Background**

    The present case arises out of the City of Santa Fe's legislative efforts to increase franchise fees and permit costs owed by Qwest.  *See generally Doc. 95.*  Qwest alleges that portions of the City's legislation are preempted and that the legislation violates the Commerce Clause of the United States Constitution.  *See Doc. 95* at 12-14.

    The instant motion is the fifth time the Court has been asked to resolve a discovery dispute concerning the expert report of Qwest's expert, William Fitzsimmons.  *See Docs. 125, 164, 191, 227*.  Dr. Fitzsimmons' initial report was due September 19, 2011.  *See Docs. 68, 240.*  Qwest sought the City's concurrence for a 90-day extension of time to file expert reports on

September 16, 2011, but ultimately agreed, in light of the City's opposition, to proceed on the current schedule. *See Doc. 148-4.* The City's expert report was due October 16, 2011. *See Docs. 68, 240.* Nine days later, on October 25, 2011, the Court stayed all discovery and other filing deadlines pending resolution of ongoing discovery disputes, including a dispute over the adequacy of Qwest's disclosure of Dr. Fitzsimmons' opinions. *See Doc. 133* at 1.

Absent the Court's stay of discovery and other filing deadlines, Qwest's rebuttal to the City's initial disclosures, including the report of the City's expert Michael Ileo, would have been due on or about November 15, 2011. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). Qwest filed its Fourth Supplemental Report by Dr. Fitzsimmons, which is intended in part to rebut Dr. Ileo's opinions, on May 4, 2012. *See Doc. 206-1.* On August 2, 2012, the parties filed their Agreed Revised Scheduling Order, noting that Qwest had already submitted its "supplemental report re its affirmative claims." *See Doc. 240.*

In the instant Motion, the City contends that Qwest's Fourth Supplemental Report for Dr. Fitzsimmons should be stricken as improper supplementation. *See generally Doc. 206.* This is the City's second effort to strike Dr. Fitzsimmons' report. *See Docs. 181, 182.* Previously, the Court found that the City's arguments were "appropriate only in the context of a *Daubert* motion." *See Doc. 227* at 1.

**II.    Legal Standard**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). Such disclosure "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case…." FED. R. CIV. P. 26(a)(2)(B). Expert reports "must" contain:

2

> (i) A complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) The facts or data considered by the witness in forming them;
> (iii) Any exhibits that will be used to summarize or support them;
> (iv) The witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) A statement of the compensation to be paid for the study and testimony in the case.

*Id.* To the extent that a party intends "solely to contradict or rebut evidence on the same subject matter identified by another party" in their initial disclosures, including initial expert reports, the deadline to do so is "30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D)(ii).

All parties have a duty to supplement disclosures under Rule 26, including the expert disclosures set out above. *See* FED. R. CIV. P. 26(e)(1). Supplementation is required "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). Specifically with regard to expert disclosures, "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." FED. R. CIV. P. 26(e)(2).

Tenth Circuit Court of Appeals Judge Paul Kelly, sitting by designation, has held that the provision in Rule 26(e) regarding supplemental expert reports "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit) from the outset." *See Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (quoting Judge Kelly's unpublished opinion in *Resolution Trust Corp. v.*

3

*Gregory*, No. CIV 94-0052, slip op. (D.N.M. Dec. 13, 1995)). Rather, the Federal Rules of Civil Procedure contemplate full disclosure of expert opinions early in the case, allowing parties to carefully evaluate the case for settlement. *See* FED. R. CIV. P. 26(a), advisory committee note regarding "1993 Amendments." If the Court were to allow one supplemental report that goes beyond correction of an error or misinformation, it would be required in fairness to allow similar supplementation by the other side, thwarting counsel's ability to evaluate a case and hindering settlement and preparation for trial. *See Beller*, 221 F.R.D. at 694.

**III.   Analysis**

Qwest's Fourth Supplemental Report for Dr. Fitzsimmons is not untimely and does not constitute improper supplementation. Although it was filed more than thirty days after Plaintiff's initial report of Dr. Ileo and although it is styled a "supplemental" report, the Fourth Supplemental Report legitimately contains opinions and information that rebuts Dr. Ileo's opinions on behalf of the City. The reason is simple: the Court stayed "all discovery and other filing deadlines" during the pendency of several significant discovery disputes. Because the stay was entered prior to the expiration of Qwest's 30-day rebuttal deadline, it too was stayed. Qwest not only filed its "supplemental" or rebuttal report on time, given the stay, but it was filed nearly three full three months before the Court ruled on the pending discovery disputes and imposed the parties' agreed deadlines.

Parties are not permitted to "sandbag" opposing counsel by withholding critical expert opinions from initial disclosures. But, in light of the stay of discovery in this case, I do not find anything improper about the timing of Dr. Fitzsimmons' Fourth Supplemental Report.

**Wherefore,**

**IT IS ORDERED** that the City of Santa Fe's Motion to Strike the Fourth Supplemental Report of William Fitzsimmons *(Doc. 206)* is **denied.**

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**