IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**QWEST CORPORATION,**

        **Plaintiff/Counter-Defendant,**

v.                                                **No. CIV 10-0617 RB/KBM**

**CITY OF SANTA FE, a New Mexico**
**Municipal corporation,**

        **Defendant/Counter-Plaintiff.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant/Counter-Plaintiff City of Santa Fe's (City's) Motion for Review by the Court of the Clerk's Order Settling Costs, (Doc. 511), and Plaintiff/Counter-Defendant Qwest's (Qwest's) Motion for Review of Clerk's Order Settling Costs, (Doc. 513). Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, the record, and relevant law, the Court denies these motions.

**I.     Background**

On December 17, 2014, the Court issued Final Judgment on All Claims. (Doc. 486.) Specifically, on Qwest's claim under 47 U.S.C. § 253, the Court entered judgment in favor of Qwest and against the City and declared Sections 27-2.3 and 27-2.5(A) of the City's 2010 Ordinance preempted by 47 U.S.C. § 253 and unenforceable. (*Id.*) Additionally, the Court permanently enjoined the City from enforcing Sections 27-2.3 and 27-2.5(A) of the 2010 Ordinance. (*Id.*) With respect to the City's Counterclaims, the Court entered judgment in favor of Qwest and against the City, and ordered that the City take nothing on its Counterclaims. (*Id.*) Finally, the Court directed that "Qwest shall recover costs from the City in accordance with

applicable law, with any application for costs to be submitted following entry of this Final Judgment pursuant to D.N.M.LR-Civ. 54." (*Id.*)

On January 16, 2014, the City filed a Motion for Costs in the amount of $3,259.98. (Doc. 488.) On April 23, 2014, the Clerk issued an Order denying the City's Motion for Costs on the ground that the City was not a prevailing party. (Doc. 510.) On April 30, 2014, the City filed a Motion for Review by the Court of the Clerk's Order Settling Costs requesting judicial review of the Clerk's Order. (Doc. 511.)

On January 16, 2014, Qwest filed a Motion to Tax Costs in the amount of $29,495.74. (Doc. 489.) Qwest asserted it was the prevailing party and requested (1) fees for service of summons and subpoenas in the amount of $930; (2) fees for transcripts in the amount of $20,996.59; and (3) witness fees in the amount of $7,569.15. (*Id.*) On May 2, 2014, the Clerk issued an Order granting Qwest's motion in part and awarding Qwest a total of $15,957.27 in costs, consisting of (1) $195 for service of summons and subpoenas; $8,501.30 for deposition transcripts; and (3) $7,260.97 for witness fees. (Doc. 512.) On May 9, 2014, Qwest filed a Motion for Review of Clerk's Order Settling Costs. (Doc. 513.) Qwest's request for review is limited to the second category concerning the Clerk's Order disallowing $6,316.39 in hearing transcript costs plus either $6,178.90 or $4,434.11 for deposition transcript costs. (*Id.*)

**II.     Standard**

Under Federal Rule of Civil Procedure 54(d), the prevailing party is entitled to recover the costs that they expended in the course of the litigation. *See* Fed. R. Civ. P. 54(d). Categories of taxable costs are specified by statute. *See* 28 U.S.C. § 1920. In order to obtain a cost award, the prevailing party must provide notice to the Court and the opposing party. *See* Fed. R. Civ. P. 54(d). After the opposing party has an opportunity to object, the Clerk taxes costs. *See id.* The

opposing party may move for the Court to review the Clerk's order awarding costs. *Id.* The Court reviews the Clerk's assessment of costs de novo. *Sharon v. Yellow Freight Sys., Inc.*, 985 F. Supp. 1274, 1275 (D. Kan. 1997).

### III.    Discussion

#### A.    Qwest is the prevailing party.

The City claims that it is a prevailing party because Qwest did not prevail on all of its claims. The Tenth Circuit has held that "the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (quoting Wright & Miller, *Federal Practice & Procedure*, § 2667). The Tenth Circuit observed that Rule 54 "limits a district court's discretion to award costs in two ways. First, Rule 54 creates a presumption that the district court will award costs to the prevailing party. Second, a district court must provide a valid reason for not awarding costs to a prevailing party." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997) (citations omitted).

Notably, Rule 54(d) suggests that only one party may be classified as the prevailing party. Rule 54(d) states that "costs other than attorneys' fees shall be allowed as of course to *the* prevailing party unless the court otherwise directs" Fed. R. Civ. P. 54(d). (emphasis added). Moreover, in a case where both parties "prevailed" on at least one claim, the Tenth Circuit held that "both the plaintiff and the defendant" were not "literally 'the prevailing party' for purposes of Rule 54(d)(1)." *Barber,* 254 F.3d at 1235 n. 7. When neither party fully prevails on all claims, the district court has broad discretion to apportion costs among two partially successful parties, or deny costs to either side. *Id*. Furthermore, the Tenth Circuit has stated that "a denial of costs does not constitute an abuse of discretion when the prevailing party is only partially successful."

*AeroTech, Inc.*, 110 F.3d at 1526 (citation omitted). Conversely, "because a denial of costs is a 'severe penalty,' there must be 'some apparent reason to penalize the party if costs are to be denied.' " *Id.* at 1526-27.

In this case, Qwest is the prevailing party, even though the City successfully defended against some of Qwest's claims. *See Barber*, 254 F.3d at 1234. This determination is not controlling, however, because this court has discretion to apportion costs among the parties, reduce Qwest's award to reflect partial success, or deny costs to both parties. *See id.* Considering the circumstances of this case, the Court finds that reasonable costs should be awarded to Qwest and no costs should be awarded to the City.

**B.     The Court did not authorize hearing transcripts.**

Qwest contends that the Clerk inadvertently overlooked its request for hearing transcript costs, which totaled $6,316.39. The applicable Local Rule provides that '[t]he cost of an original transcript of a court proceeding is taxable when requested by a party and authorized by the Court before transcription." Because the hearing transcripts were not authorized by the Court before transcription, these costs are not taxable.

**C.     The deposition transcript award was proper.**

Qwest complains that the Clerk's award for deposition transcript costs was insufficient because it did not include the costs for all deposition transcripts. It is widely accepted that taxable costs include "[t]he costs of taking and transcribing depositions reasonably necessary for litigation." *Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1339 (10th Cir. 1998). Indeed, this district's Local Rules specify that the reporter's charge for a deposition is taxable when the deposition is reasonably necessary to the litigation, which means that the deposition was admitted into evidence, used at trial for impeachment, or used by the Court in ruling on a motion

4

for summary judgment. D.N.M.LR-Civ. 54.2(b). However, the court possesses discretion to base the cost award on the circumstances and equities of the specific case. *See Okland Oil Co. v. Conoco Inc.,* 144 F.3d 1308, 1329 (10th Cir. 1998) (acknowledging the court's discretion to deny or partially deny costs); 10 Charles Alan Wright, et al., *Federal Practice and Procedure*, § 2668 (3d ed. 1998). Thus, when the court determines that costs were unreasonably high or unnecessary, it may deny a request for costs in whole or in part. *Burton v. R.J. Reynolds Tobacco Co.,* 395 F. Supp. 2d 1065, 1073-74 (citing *Zeran v. Diamond Broad., Inc.,* 203 F.3d 714, 722 (10th Cir. 2000)).

In this case, Qwest seeks recovery for the transcript costs for all thirty-seven of the depositions taken in the case, including the fourteen depositions taken by Qwest and the twenty-three depositions taken by the City. The Clerk found that the costs associated with the depositions of Rachel Torrance, Robert Barton, Dr. William Fitzsimmons, David Catanach, Joe Montano, Teresita Garcia, Kelly Brennan, Leo Baca, David Hall, Garth Ashpaugh, Richard Mares, and Micheal Ileo, were used in connection with the motions for summary judgment or portions of the depositions were admitted into evidence at trial. D.N.M.LR-Civ. 54.2(b)(2)(A). (Doc. 512.) The Clerk's Order awarded Qwest $8,501.30 for the costs associated with the transcripts for the depositions of these twelve witnesses. (*Id.*).

It is material that the twelve depositions for which the Clerk's Order awarded transcript costs were reasonably necessary to the litigation as they were cited on summary judgment, used at trial for impeachment purposes, or portions of the depositions were admitted into evidence at trial. D.N.M.LR-Civ. 54.2(b)(2). The other depositions were not cited by either party in the filings in support of or opposition to the motions for summary judgment, and the depositions were not admitted at the July 2013 bench trial or the May 2013 jury trial. *Id.* The Court has

determined that these other depositions were not reasonably necessary to the litigation and costs for such depositions are not recoverable. *Id.* Given the deposition usage in this case, the Court finds that the Clerk's Order awarding costs to Qwest in the total amount of $15,957.27 in costs for the transcripts of the twelve depositions reflects a reasonable award.

**THEREFORE,**

**IT IS ORDERED** that the City's Motion for Review by the Court of the Clerk's Order Settling Costs (Doc. 511) and Qwest's Motion for Review of the Clerk's Order Settling Costs (Doc. 513) are **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**